UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DEREK SHORT, ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action Docket No. _____ |
| v. ) | |
| ) | JURY TRIAL REQUESTED |
| SPRINGFIELD TERMINAL RAILWAY ) | |
| COMPANY, ) | |
| ) | |
| Defendant ) | |

## COMPLAINT

Plaintiff, by his attorneys, Drummond Woodsum & MacMahon and Flynn & Wietzke, PC, complains of the Defendant and alleges:

### THE PARTIES

1. The plaintiff is a resident of the State of Maine, County of Somerset, and City of Embden, Maine.

2. The defendant is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States, with a usual place of business in Portland, Maine.

3. Prior to October 28, 2014, and at all times hereinafter mentioned, the defendant employed the plaintiff as a trackman under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

4. Prior to October 28, 2014, and at all times hereinafter mentioned, the defendant maintained, operated and controlled the right of way near Mile Post # 139 in Reedfield, Maine which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

5. During all times herein mentioned, the defendant is engaged in interstate commerce by providing railroad transportation among the states of Maine, New Hampshire, Connecticut and New York.

## JURISDICTION AND VENUE

6. The plaintiff, Derek Short, brings the First Cause of Action against the defendant for violations of the Federal Rail Safety Act, 49 U.S.C. § 20109 (FRSA).

7. The plaintiff brings the Second Cause of Action against the defendant for violation of the Federal Employers' liability Act, 45 U.S.C. §51 et seq. (FELA).

8. This Court has subject matter jurisdiction in this case pursuant to the Federal Railroad Safety Act, 49 U.S.C. § 20109(d)(3) and pursuant to 45 U.S.C. §56.

9. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, because defendant is subject to personal jurisdiction in this District, and because plaintiff resides in this District.

## PROCEDURAL FACTS

10. On April 27, 2015, the plaintiff filed a FRSA Complaint with the Secretary of Labor's Regional OSHA Whistleblower Office. (Exhibit 1).  That was within 180 days from the date the plaintiff became aware of the defendant's adverse or unfavorable personnel action against him.

11. The Regional OSHA Whistleblower Office commenced its investigation, and the plaintiff fully cooperated with OSHA's investigation.  However, OSHA did not issue a final decision within 210 days after the filing of the FRSA Complaint.  The delay was not due to any bad faith on the part of the plaintiff.

12. Pursuant to Section (d)(3) of the FRSA, the plaintiff has a statutory right to bring an original action in a United States district court for a jury trial regarding the Railroad's violations of the FRSA. 49 U.S.C. § 20109(d)(3).

13. Pursuant to 49 U.S.C. § 20109(d)(3), the plaintiff now is bringing this original action at law and equity for *de novo* review by the United States District Court of the District of Maine, which Court has jurisdiction over this FRSA action and FELA action without regard to the amount in controversy.

## FACTS

14. At the time of the defendant's FRSA violations, the plaintiff was employed by the defendant as a trackman cutter, and qualified as an employee within the meaning of 49 U.S.C. § 20109.

15. On October 28, 2014, the plaintiff was working as a trackman when he was "running rock" for Defendant. Running rock consists of running along-side a moving train car loaded with ballast and using a metal bar to regulate the flow of the ballast as it drops out of the gondola hopper onto the right-of-way.

16. On the date of the incident, at approximately 3:30 p.m. Mr. Short felt his knee twist while moving alongside the train and trying to loosen a wedged bar used for regulating the ballast flow.

17. At the time it happened Mr. Short did not know that he had suffered any type of injury.

18. However, upon getting up the following morning on October 29, 2014, it became clear to Mr. Short that he had sustained an injury the prior day.

19. As a result, Mr. Short sent a text message at 6:04 a.m. on October 29, 2014 to his Supervisor Jason Beaudry advising that he would be unable to work on account of an injury suffered the prior day.

20. Mr. Short then received medical treatment and advice from his doctor to remain absent from work and undergo additional treatment for his knee injury.

21. According to his personal medical doctor, Mr. Short continued to remain unable to return to work due to his injury suffered on October 28, 2014 and underwent surgery.

22. Mr. Short was charged with company rule violations as a result of his reporting of the injury and following doctor's orders in connection with that injury.

23. As a result of defendant's conduct, the plaintiff suffered various economic harms as well as emotional distress and mental anguish.

## COUNT I
## Violation of FRSA

24. The plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 23 of this Complaint with the same force and effect as if set forth under this cause of action.

25. The plaintiff engaged in protected activity under the FRSA when he reported an on the job injurye and related safety hazards, as well as violations of federal railroad safety regulations.

26. The defendant had knowledge of all the protected activities referenced above.

27. The defendant took adverse or unfavorable actions against the plaintiff in whole or in part due to plaintiff's protected activities when it charged plaintiff with company rule violations in connection, denied him work opportunities and denied him promotion opportunities as a result of the protected activity. In so doing, the defendant acted with reckless disregard for the law and with complete indifference to the plaintiff's rights under the FRSA.

WHEREFORE, in order to encourage employees to freely report all injuries and safety concerns without fear of any retaliation, thereby ensuring the Federal Rail Administration has the necessary information to develop and administer an effective rail safety regulatory program that promotes safety in every area of our nation's railroad operations, the plaintiff demands a Judgment under the FRSA for all relief necessary to make him whole, including but not limited to: expungement

of all references to any disciplinary action; lost benefits with interest; lost wages with interest; compensatory damages for economic losses due to defendant's conduct; compensatory damages for mental anguish and emotional distress due to defendant's conduct; the statutory maximum of punitive damages; and special damages for all litigation costs including expert witness fees and attorney fees.

## COUNT II
## Violation of FELA

28. The plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 27 of this Complaint with the same force and effect as if set forth under this cause of action.

29. This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C. § 51 et seq.).

30. On or about October 28, 2014, while the plaintiff, an employee of the defendant, was in the performance of his duties as a trackman along the right of way near Mile Post # 139 in Reedfield, Maine, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff in failing to provide plaintiff with a reasonably safe place to work; in failing to warn plaintiff; in failing to maintain its equipment provided to plaintiff to perform the tasks assigned; in failing to inspect its equipment provided to plaintiff to perform the tasks assigned; in failing to provide adequate manpower; in failing to provide proper equipment; in employing unreasonably unsafe procedures; in failing to maintain plaintiff's work place; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, including but not limited to his left knee, requiring surgery.

31. The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

32. The plaintiff was damaged thereby in the sum of $500,000.00.

WHEREFORE, plaintiff Derek Short demands judgment against the defendant on Count I in the sum of FOUR HUNDRED FIFTY THOUSAND ($450,000.00) DOLLARS; and, plaintiff Derek Short demands judgment against the defendant on Count II in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS together with the costs and disbursements of this action.

Dated: February 9, 2016                     Respectfully submitted


                          ___/s/ David S. Sherman, Jr._____
                          David S. Sherman, Jr., Bar No. 7837
                          Attorney for Plaintiff Derek Short

                          DRUMMOND WOODSUM & MACMAHON
                          84 Marginal Way, Suite 600
                          Portland, ME 04101
                          Tel.: (207) 772-1941
                          E-mail: dsherman@dwmlaw.com

                          and

                          ___/s/ Marc Wietzke_____
                          Marc T. Wietzke, *pro hac vice pending*
                          Attorney for Plaintiff Derek Short

                          FLYNN & WIETZKE, PC
                          1205 Franklin Avenue
                          Garden City, NY 11530
                          Tel.: (516) 877-1234
                          E-mail: MWietzke@felaattorney.com