# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| DONALD DiMAURO,                        )<br>                                        )<br>          PLAINTIFF                    )<br>                                        )<br>v.                                      )<br>                                        )<br>SPRINGFIELD TERMINAL                    )<br>RAILWAY COMPANY,                        )<br>                                        )<br>          DEFENDANT                    ) | CIVIL NO. 2:16-cv-71-DBH |
| RICHARD PRINCIPATO,                    )<br>                                        )<br>          PLAINTIFF                    )<br>                                        )<br>v.                                      )<br>                                        )<br>SPRINGFIELD TERMINAL                    )<br>RAILWAY COMPANY,                        )<br>                                        )<br>          DEFENDANT                    ) | CIVIL NO. 2:16-cv-73-DBH |
| DEREK SHORT,                           )<br>                                        )<br>          PLAINTIFF                    )<br>                                        )<br>v.                                      )<br>                                        )<br>SPRINGFIELD TERMINAL                    )<br>RAILWAY COMPANY,                        )<br>                                        )<br>          DEFENDANT                    ) | CIVIL NO. 2:16-cv-74-DBH |

### DECISION AND ORDER ON MOTIONS TO DISMISS

Congress passed the Federal Railway Safety Act (FRSA) to protect railroad employee whistle-blowers. 49 U.S.C. § 20109. Its primary enforcement mechanism is through administrative proceedings before the Department of

Labor (here OSHA), with appeal to the *circuit* court of appeals.  But the statute also has a "kickout provision," providing that if the Secretary of Labor does not take final action within 210 days, the railroad worker can file suit in federal *district* court against his employer.[1]  The statute does not specify a time limit for the right to file suit in federal district court, so long as the administrative complaint was timely filed.  The timeliness issue in these three cases arises from the fact that an interim regulation required the workers to notify the Department of Labor that they planned to file a federal district lawsuit before they actually filed suit.  When they did so, a Supervising Investigator promptly "dismissed" their administrative complaints, even before the lawsuits were filed.  The defendant railroad argues that, thirty days later, that "dismissal" became the final decision of the Secretary of Labor defeating the ability to use the kickout provision, and therefore moves to dismiss all three cases.  I **DENY** the motions.[2]

---

[1] The Department of Labor explicitly recognized this in its commentary in developing final regulations.  80 Fed. Reg. 69,119 (Nov. 9, 2015).

[2] The regulation was recently changed and, effective November 9, 2015, no longer has the prior notification requirement, but requires only that the railroad worker file an administrative notice within seven days *after* filing a federal lawsuit.  See 29 CFR § 1982.114 (2016):

> (a) If there is no final order of the Secretary, 210 days have passed since the filing of the complaint, and there is no showing that there has been delay due to the bad faith of the complainant, the complainant may bring an action at law or equity for de novo review in the appropriate district court of the United States . . . .
> (b) . . .
> (c) Within 7 days after filing a complaint in federal court, a complainant must file with the Assistant Secretary, the ALJ, or the ARB, a copy of the file-stamped complaint.

See also 80 Fed. Reg. 69,131 (Nov. 9, 2015) ("OSHA eliminated the requirement in the interim final rule that complainants provide the agency 15 days advance notice before filing a de novo complaint in district court.  Instead, this section now provides that within seven days after filing a complaint in district court, a complainant must provide a file-stamped copy of the complaint to the Assistant Secretary, the ALJ, or the ARB . . . .  This provision is necessary to notify the agency that the complainant has opted to file a complaint in district court," and "is necessary to avoid unnecessary expenditure of agency resources once a complainant has decided to remove the complaint to federal district court.").  If the current regulation had been in effect at the time

#### ANALYSIS

Several cases have dealt with what happens when an employee starts the administrative complaint proceedings, continues to pursue them after the 210 days have passed, then receives an administrative outcome he does not like and, instead of appealing to the circuit court of appeals as the statute contemplates, tries to start his lawsuit in a federal district court.  Generally courts have concluded that to allow such district court lawsuits would thwart the statutory purpose that the Department of Labor should decide these cases with judicial review in the circuit courts of appeals.  Therefore, if the worker pursues his administrative remedy to a final decision on the merits, even after the 210 days, courts have ruled that he must pursue his judicial review in the court of appeals, not in a new lawsuit in federal district court.  In <u>Mullen v. Norfolk S. Ry. Co.</u>, No. 2:14-cv-917, 2015 WL 3457493 (W.D. Pa. May 29, 2015), for example, a railroad worker timely filed his administrative complaint, the Secretary issued written findings, and the plaintiff filed objections and requested an Administrative Law Judge (ALJ) hearing.  The 210-day period lapsed thereafter, but the parties continued with extensive discovery in the ALJ proceeding, engaged in a 4-day evidentiary hearing, and received a 19-page single-spaced ALJ decision adverse to the plaintiff.  <u>Id</u>. at *1-2.  The plaintiff then filed a Petition for Review with the Administrative Review Board (ARB) and received a briefing schedule.  <u>Id</u>. at *2.  Only then did he file a notice of intent to proceed in federal district court.  <u>Id</u>. at

---

these plaintiffs decided to go to federal district court, the issue now before me would not have arisen because they would have filed their lawsuits first and then notified the Department of Labor.

*3. The ARB next issued an Order to Show Cause why it should not dismiss his complaint and the plaintiff did not respond to the Order. Id. at *2. As a result, the ARB issued a "Final Decision and Order Dismissing Complaint," which was after the 210 days had passed. Id. The Mullen court found the plaintiff's argument that, because of the kickout provision, he should still be able to file his complaint in federal district court "particularly troubling where, as here, a plaintiff receives an unfavorable (yet merits-based) decision from an ALJ, appeals to the ARB, ignores a show cause order, obtains a dismissal order and attempts to relitigate his claim as if nothing occurred at the administrative level. The statute could not have been intended to permit this outlandish result." Id. at *11. Therefore, the district court found that it had no jurisdiction over Mullen's complaint. Id.

Lebron v. Am. Int'l Grp, Inc., No. 09 Civ. 4285(SAS), 2009 WL 3364039 (S.D.N.Y. Oct. 19, 2009), was a retaliation case under the Sarbanes-Oxley Act, which has a 180-day kickout provision, and incorporates the same Department of Labor OSHA whistleblower provisions for retaliation complaints that apply to railroad workers. Another one of those whistleblower provisions states that if a plaintiff fails to object to the Secretary's preliminary findings and to request a hearing within 30 days, "the preliminary order shall be deemed a final order that is not subject to judicial review." 49 U.S.C. § 42121(b)(2)(A). In Lebron, the plaintiff timely filed an administrative complaint and received preliminary findings adverse to him and an order dismissing his complaint, all within the 180 days. 2009 WL 3364039 at *1-2. But he failed both to object and to properly

4

request a hearing.  Id. at *2.  As a result, the preliminary findings became a final order after the 180-day kickout period lapsed and before the plaintiff filed his federal district court lawsuit.  Id. at *5.  The Lebron court found the two statutory provisions (the 180-day kickout provision and the final-order-not-subject-to-judicial-review provision) in tension.  Id. at *5-6.  It resolved the tension by declaring: "[I]f the Secretary does not issue a final order within 180 days of the filing of the administrative complaint, the complainant has thirty days from receiving a preliminary order to either file a claim in a district court or appeal the preliminary order to the ALJ and thereby preserve the option to file a district court claim at a later time."  Id. at *6.  But if the complainant takes no action within 30 days, "the preliminary order becomes final and the district court no longer has jurisdiction to review the claims *de novo*."  Id.  Accord Groncki v. AT & T Mobility LLC, 640 F. Supp.2d 50 (D.D.C. 2009) (no federal district court relief available where plaintiff's administrative complaint dismissed, ALJ hearing conducted, ALJ dismissal thereafter became final after the 180-day kickout period passed, but no appeal taken from the ALJ dismissal); Levi v. Anheuser-Busch Co. Inc., No. 08-398-CV-W-RED, 2008 WL 4816668 at *3 n.3 (W.D. Mo. 2008) (same; semble), aff'd per curiam, 360 Fed. Appx. 708 (8th Cir. 2010).

These three cases before me are different.[3]  The Department of Labor issued no final decision within the 210 days after the timely administrative complaints and, as far as the record discloses, no decision at all.  There was no

---

[3] I recount the facts from the allegations of the Complaints and the exhibits the parties have attached. The parties have not objected to each other's exhibits.

5

involvement by an ALJ or an ARB.[4]  Instead, after the 210 days had passed, the workers notified the Department of Labor—as they were required to do under the regulation at that time—that they were electing to pursue their remedies in federal district court.[5]  As a result, a Supervising Investigator for the regional OSHA Whistleblower Protection Program sent each of them a letter saying that "[a]s a result of your decision to proceed with your case in Federal District Court, rather than the Secretary of Labor, your complaint before this office is hereby dismissed."  DiMauro Ex. B. (ECF No. 8); Principato Ex. A (ECF No. 7); Short Ex. A (ECF No. 7).[6]  (In one case (Short) the "dismissal" issued the same day as the complainant's notice that he planned to file in federal district court; in a second case (Principato) the day after; and in the third case (DiMauro) a week later.)  The railroad argues that thirty days after the letters notifying the workers that their claims were dismissed, the dismissals became final decisions of the Secretary of Labor that could be challenged only in the circuit court of appeals, and that the workers then became unable to file their claims in federal district court.

---

[4] The parties agree that no investigation was ever completed.
[5] 29 CFR § 1982.114 (2015); see also 75 Fed. Reg. 53,533 (Aug. 31, 2010).
[6] According to the Whistleblower Investigations Manual (Manual) attached as Ex. No. 1 to each of the respective plaintiffs' Responses to the motion to dismiss, there is a Regional Administrator and, depending on the Region, an Area Director, a Regional Supervisory Investigator, or a Team Leader for investigators.  Manual at 1-9.  Dismissing complaints is not listed among the Supervisor's duties.  Id. at 1-10.  One of the listed tasks for investigators is "[c]omposing draft Secretary's Findings for review by the area director, supervisor or team leader," id. at 1-11, and in a different section there is reference to dismissal of "untimely complaints," id. at 2-19.  There is also reference in another section to an investigator's early dismissal of a complaint if it fails to satisfy the prima facie standard.  Id. at 3-15.  Chapter IV on "Case Disposition" provides: "For recommendations to dismiss, the RA or his or her designee must issue Secretary's Findings to the complainant . . . .  The letter must include the rationale for the decision and the necessary information regarding the parties' rights to object or to appeal, as appropriate . . . "  Id. at 4-3.  None of these provisions fits what happened in these three cases.

When a worker files an administrative complaint and waits for the Secretary of Labor to make a decision even after the 210-day kickout period has passed, it makes sense to hold the complainant to his decision to await the administrative decision and the circuit judicial review channels that the statute makes available thereafter. Indeed, the Secretary has made clear—in the explanations of the regulations—that the Secretary adopts that position:

> In the Secretary's view, the right to seek de novo review in district court under these provisions terminates when the Secretary issues a final decision, even if the date of the final decision is more than 210 days after the filing of the complaint. The purpose of these "kick-out" provisions is to aid the complainant in receiving a prompt decision. That goal is not implicated in a situation where the complainant already has received a final decision from the Secretary.

80 Fed. Reg. 69,130 (Nov. 9, 2015). I agree with the courts that have reached such a conclusion.

But when, in the *absence* of any administrative decision, a worker notifies the Department of Labor that he has run out of patience and plans to file suit in federal district court (because the interim regulation required him to do so), the fact that a Supervising Investigator says "Okay, we will dismiss your claim before us," should not be treated as a "final decision" by the Department of Labor, even thirty days thereafter.[7] Accord Glista v. Norfolk Southern Ry. Co., Civ. No. 13-04668, 2014 WL 1123374 (E.D. Pa. Mar. 21, 2014) (finding district court jurisdiction because no final decision on the merits by the Secretary after appeal

---

[7] This case is unlike Jordan Hosp., Inc. v. Shalala, 276 F.3d 72, 77 (1st Cir. 2002), a Medicare Act case where "the regulations offer[ed] the right to appeal either a Board 'decision' on the merits, or a 'dismissal' for untimeliness, to the Administrator." Under those circumstances, the First Circuit ruled that "there is no basis for any distinction between the terms 'dismissal' and 'decision.'" Id. No such regulation or language applies here.

7

of OSHA findings to ALJ, stay of ALJ hearing pending attempted mediation, notice of intent to proceed in federal district court filed by the plaintiffs, ALJ issuance of order to show cause why the claims should not be dismissed, no response by the plaintiffs, and then ALJ dismissal of complaint).

The statute and the regulations do not contemplate the sort of dismissal that the Supervising Investigator entered here:

- When a complaint is properly filed with the Secretary, there is first an evaluation whether it "makes a prima facie showing," 49 U.S.C. § 42121(b)(2)(B)(i)[8]; 29 C.F.R. § 1982.104(e)(1). Otherwise it is dismissed. Id. That is not what happened here.

- If the administrative complaint passes the prima facie hurdle, an investigation ensues and the Secretary determines whether there is reasonable cause to believe that the complaint has merit. 49 U.S.C. § 42121(b)(2)(A). That is accomplished through written findings by the Assistant Secretary. 29 C.F.R. § 1982.105(a). If the decision is adverse to the plaintiff, "the Assistant Secretary will notify the parties of that finding." 29 C.F.R. § 1982.105(a)(2). The complainant then has thirty days to object and request a hearing, failing which it becomes a final order not subject to judicial review. 49 U.S.C. § 42121(b)(2)(A); 29 C.F.R. § 1982.106(a),(b). That, too, is not what happened here.[9]

---

[8] This is a statutory provision for airline employees that is made applicable to railroad employees by 49 U.S.C. § 20109(d)(2).

[9] In Chapter 5, "Documentation and Secretary's Findings," the Manual provides that complaints "that are either untimely or do not present a *prima facie* allegation, may not be 'screened out' or closed administratively. Complaints filed . . . must be docketed and a written determination

8

- After a hearing, the Secretary issues "a final order providing the relief prescribed . . . or denying the complaint." 49 U.S.C. § 42121(b)(3)(A). That final order can be appealed to the circuit court of appeals. Id. at § 42121(b)(4); 29 C.F.R. § 1982.112(a). That, too, is not what happened here.

To be sure, there is a statutory omission in failing to provide a limitations period for the worker to file his district court lawsuit, but the omission is not supplied by taking an administrative closing of the case, adding thirty days to call it an administrative decision, and then telling the worker "Sorry, you are out of luck." Obviously the workers could not appeal their case closings to the circuit court of appeals—there were no findings or legal conclusions to appeal!

The defendant railroad seems to fear that this outcome gives a railroad worker an "unlimited right to file suit years after his complaint was dismissed" or to "wait an indefinite period before actually filing suit." Reply at 4. (ECF No. 13). First, I note that with the new final regulation this issue should not recur because a worker will file his federal lawsuit first (after 210 days without action by the Secretary)[10] and a subsequent dismissal by the Supervising Investigator will not affect the date limitations. Second, a substantive decision by the Secretary will automatically set the time limits in motion.[11]

---

issued, unless the complainant, having received an explanation of the situation, withdraws the complaint." Id. at 5-1.

[10] See note 2 supra.

[11] It is also possible that 28 U.S.C. § 1658(a) provides a limitation period, although one federal district court ruled recently that it is inapplicable and that so long as the Secretary has not taken action on the administrative complaint, a railroad worker can file a federal district court lawsuit regardless of how long the Secretary has delayed. Despain v. BNSF Railway Company, CV-15-

I rule only that when the Department of Labor has not taken action within the 210 days, the worker notifies the Department of Labor that he will proceed in district court, and a Supervising Investigator then notifies the worker that as a result the Department of Labor will dismiss his claim, there is no thirty-day appeal period applicable whose passage results in the dismissal becoming a final Department of Labor decision that can be reviewed only in the court of appeals.

The motions to dismiss are **DENIED** in all three cases.

**SO ORDERED.**

**DATED THIS 20TH DAY OF MAY, 2016**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

8294-PCT-NVW, 2016 WL 2770144 (D. Ariz. May 13, 2016) ("the court action is available as long as, and only as long as, the agency fails to reach a final decision." Id. at *5).  In any event, these three lawsuits were all filed well within any limitations period that might be applicable.